**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jimmy Bernal AVENDANO,
Defendant—Appellant.**

**No. 03–50601.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided July 6, 2005.

Patrick K. O'Toole, AUSA, Orlando Gutierrez, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Angela Marie Krueger, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

Before: HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Jimmy Bernal Avendano appeals the district court's denial of his motion to suppress statements he made during an interrogation and his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Even assuming Avendano was arrested illegally, his statements were admissible. His confession occurred after probable cause had developed independently of the arrest.[1] Moreover, authorities did not obtain his confession by any "exploitation of the possible illegality of his arrest."[2] Thus, the district court properly denied Avendano's motion to suppress.

We have conclusively rejected the first ground on which Avendano moved to dismiss the indictment.[3] Another case precludes the second ground. In *United States v. Armstrong*,[4] we held that the aiding and abetting theory "is implied in every indictment for a substantive offense."[5] *Armstrong* did not merely address jury instructions, as Avendano argues, it controls.[6] Accordingly, the district court properly denied Avendano's motion to dismiss.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Manuel*, 706 F.2d 908, 912 (9th Cir.1983); *see also United States v. Nava*, 363 F.3d 942, 946 n. 2 (9th Cir.2004), *cert. denied*, —— U.S. ——, 125 S.Ct. 439, 160 L.Ed.2d 347 (2004).

2. *Manuel*, 706 F.2d at 912.

3. *United States v. Navarro–Vargas*, 408 F.3d 1184, 1202–04 (9th Cir.2005) (en banc).

4. 909 F.2d 1238 (9th Cir.1990).

5. *Id.* at 1241.

6. *Id.* at 1241–42 (addressing explicitly the impermissible amendment question). *Armstrong* addressed jury instructions in a separate section. *Id.* at 1243–44.

